UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:12-CR-52-GFVT-HAI |
| | ) | |
| | ) | RECOMMENDED DISPOSITION |
| WILLIAM STEVE GIBSON, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On November 15, 2013, the Court conducted a competency hearing in this matter, per 18 U.S.C. §§ 4241 and 4247(d). D.E. 44. Defendant made an oral motion for a competency evaluation during a status conference on June 5, 2013. D.E. 21. On June 7, 2013, the Court granted Defendant's motion following a hearing. D.E. 24. The Court ordered a custodial evaluation, and Defendant was remanded to the custody of the United States Marshal. *Id.*, D.E. 25. The Court, upon the required findings, ordered that the psychiatric or psychological examination be conducted pursuant to 18 U.S.C. § 4241(b). D.E. 25.

The Court ordered the examination to be performed at the Federal Medical Center (FMC) in Lexington, Kentucky. D.E. 26. All parties had access to the Psychiatric Report ("the Report") (D.E. 30) issued by Dr. Dia Boutwell, Ph.D. In the Report, Dr. Boutwell opined that Defendant is competent for trial purposes. *Id.* After receipt of the Report, the Court set a hearing. *See* D.E. 29. After a number of continuances and a status conference (D.E. 32, 33, 35, 37), a competency hearing was scheduled for October 30, 2013 (D.E. 40), and the parties appeared with counsel (D.E 42). During the hearing, Defendant moved to withdraw his motion for a competency

hearing (*see* D.E. 42) due to potential prejudice to Defendant in state court proceedings arising from a finding in this case that Defendant is competent to proceed. The Court rescheduled the competency hearing to November 15, 2013, at which point defense counsel anticipated that the issue of potential prejudice in the state court case against Defendant would be moot. *Id.*

During the competency hearing on November 15, 2013, the parties appeared with counsel and stipulated to the admissibility of the Report, as well as to the Report's findings. D.E. 44. The parties also waived introduction of other proof and argument in opposition, and waived the right to cross-examine the evaluator.

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960). Thus, to be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960); *see also* 18 U.S.C. § 4241(a) (phrasing test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."); *United States v. Nichols*, 56 F.3d 403, 410 (2nd Cir. 1995) (applying the "two-prong" competency test from *Dusky*). Section 4247(d) of 18 U.S.C. governs the competency hearing, and assures certain trial-type rights. These include the right to confront and cross-examine witnesses, and the right to participate in the hearing. *See id.*; *see also* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d)).

Ultimately, per section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of section 4241(a). This framework does not dictate which party bears the burden, which has led to disagreements among the Circuits. *Compare United States v.*

2

*Teague*, 956 F.2d 1427, 1431 n.10 (7th Cir. 1992); *United States v. Frank*, 956 F.2d 872, 875 (9th Cir. 1991); *Brown v. Warden, Great Meadow Corr. Facility*, 682 F.2d 348, 352 (2nd Cir. 1982); *United States v. Hollis*, 569 F.2d 199, 205 (3rd Cir. 1977); *and United States v. Makris*, 535 F.2d 899, 906 (5th Cir. 1976) ("There can be no question that in federal criminal cases the government has the burden of proving defendant competent to stand trial at the s 4244 hearing . . ."), *with United States v. Robison*, 404 F.3d 850, 856 (4th Cir. 2005) ("Under federal law the defendant has the burden, by a preponderance of the evidence [to show] that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense" (internal quotation marks omitted)), *and United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006) ("[T]he relevant competency statute arguably contemplates that the burden will lie with the party making a motion to determine competency.") Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See, e.g.*, *Medina v. California*, 505 U.S. 427, 449 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where the proof is "in equipoise").

With a stipulation as to both the admissibility and the substance of the Report, the only proof as to current competency is the expert analysis of Dr. Boutwell. The Report reflects personal observation, a full review of Defendant's medical history and status, sufficient psychological testing, and a thorough assessment of Defendant's status in light of applicable competency standards. The author analyzed Defendant's history, course of evaluation, and testing performance. Dr. Boutwell directly observed Defendant via interviews and subjected him to a battery of psychological testing. The evaluator also secured and reviewed the relevant

medical and court records, and conducted telephone interviews with Defendant's appointed counsel, as well as the Assistant United States Attorney assigned to the case.

The Report is a thorough and comprehensive assessment of Defendant's mental and psychiatric condition, as well as an extensive report of Defendant's medical history. Notably:

(1) The evaluation was conducted from June 20, 2013, through August 5, 2013, which constitutes a lengthy period of evaluation during which the evaluator had ample opportunity to observe and evaluate Defendant. D.E. 30 at 3.

(2) The evaluator reviewed a mental health evaluation completed by C. Christopher Allen, Ph.D. in April 2013, that found Defendant to be competent at that time. *Id.*

(3) The evaluator administered a number of psychological tests to Defendant, specifically the Weschler Adult Intelligence Scale (Fourth Edition), the Validity Indicator Profile, and the Minnesota Multiphasic Personality Inventory-2 Restructured Form. *Id.* at 4.

(4) Defendant displayed no problems understanding or following directions provided by the correctional staff, "had no difficulty comprehending unit rules, complying with routine demands of the environment, remembering scheduled appointments, . . . participating in the evaluation procedures," demonstrated no significant functional impairments, and his condition remained stable during the course of the evaluation. *Id.* at 7.

(5) The Weschler Adult Intelligence Scale (Fourth Edition) indicated that Defendant was "functioning in the extremely low range of intelligence," but the evaluator concluded that "his intelligence is more likely to be in the low average range of functioning" based on signs that Defendant was not putting forth his best effort *Id.* at 8–9.

(6) Defendant scored in the Borderline range of functioning on the Weschler Adult Intelligence Scale (Fourth Edition). *Id.* at 8.

(7) While on the Minnesota Multiphasic Personality Inventory-2 Restructured Format Defendant seemed to respond in a consistent manner and sustain adequate attention, he also reported a combination of symptoms that "was simply not credible." *Id.* at 9–10.

(8) Defendant "presented as lucid, goal-oriented, rational, and attentive at all times." *Id.* at 11.

(9) Defendant was diagnosed with substance dependence, specifically to anxiolytics and opioids, and as having both borderline and antisocial traits. *Id.* at 12–13.

(10) Defendant demonstrated that he sufficiently understood and could navigate the legal system and work with his attorney. *Id.* at 13.

Thus, it is clear that Dr. Boutwell accurately applied the *Dusky* standard as codified in section 4241(a) to determine that Defendant is competent. Dr. Boutwell elicited from Defendant definitions of key terms and participants in a trial, as well as the elements and procedures related to a criminal trial. *Id*. at 13–14. She also positively endorsed Defendant's ability to assist counsel in preparing his defense. *Id*. at 14–15. As such, the Report supports a finding that both prongs of the *Dusky* competency test appear to be met in this case, and its conclusions are unrebutted.

Additionally, the Court sought the insight of counsel for the defendant, Mr. Bryan Sergent, who had initially requested the competency evaluation. Mr. Sergent's observations are consistent with the opinion in the Report. The Court also observed and interacted with Defendant at his competency hearing. Defendant was composed and respectful to the Court throughout the proceedings and displayed an understanding of the proceedings against him.

For the foregoing reasons, the Court finds no evidence which tends to show that Defendant is not competent. That finding, of course, precludes any finding of incompetency by a preponderance of the evidence. The Court thus finds that, per 18 U.S.C. § 4241, Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense. Therefore, the Court **RECOMMENDS** that the District Judge find that Defendant is competent to face further proceedings, to include trial, in this matter. Furthermore, the District Judge should promptly set a trial date.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Rule 59(b) requires that specific written objections be filed within fourteen (14) days of service of this Recommended Disposition. Failure to object per Rule 59(b) waives a party's right to review.

This the 19th day of November, 2013.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge