UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal No: 12-52-GFVT |
| V. | ) ) ) | |
| WILLIAM STEVE GIBSON, | ) ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation [R. 45] filed by United States Magistrate Judge Hanly A. Ingram. The Report and Recommendation addresses the issue of whether Defendant William Gibson is competent to stand trial pursuant to 18 U.S.C. § 4241 and §4247(d). Judge Ingram advises that based on the competency examination performed by Dr. Dia Boutwell, Gibson is competent to stand trial and recommends that the Court find him competent for further proceedings in this matter. Furthermore, Ingram requests a trial date be set in the matter.

Judge Ingram's Report advises the parties that any objections must be filed within fourteen (14) days of service. [*Id.*] The time to file objections has passed, and neither party has objected nor sought an extension of time to do so.

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate's report and

recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v.Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and agrees with the Magistrate Judge's Report and Recommendation.

In light of this finding, the Court now needs to set a date for trial in this matter. The parties are in need of time to prepare for trial and submit pre-trial filings to this Court. Parties potentially also need time for plea negotiations. By past Order of this Court, time between Gibson's May 8, 2013 motion to continue through the new trial date are excludable from the Speedy Trial clock. [R. 19.]

Accordingly, the Court being sufficiently and otherwise advised, it is hereby **ORDERED** as follows:

(1) The Magistrate Judge's Report and Recommendation [R. 45] is **ADOPTED** as the opinion of this Court;

(2) The Court **FINDS** that Gibson is competent to face further proceedings in this matter including trial; and

(3) This case is set for Jury Trial on **Tuesday, January 21, 2014**, at the hour of **10:00 a.m.** in **London, Kentucky**;

(4) The pretrial deadlines set forth by the Scheduling Order shall be relative to these new dates and not the previously set trial date; and

(5) In the event a plea agreement is reached in this matter, any motion for rearraignment shall be filed **no later than (14) days** of the current Jury Trial date. Further, to the extent a written plea agreement exists between the parties, the United States of America is directed to provide a courtesy copy to the undersigned's Chambers

at *GFVT_chambers@kyed.uscourts.gov* **no later than two (2) days** before the scheduled rearraignment.

This 16th day of December, 2013.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge